## MATTER OF JOHNSON

### In Deportation Proceedings

#### A-6012667

*Decided by Board November 8, 1965*

Where, following an alien's plea of guilty in the Superior Court, Kings County, Washington to a charge of illegal possession of narcotics, imposition of sentence was suspended by order of the court under the Probation Act and he was placed on parole conditioned that he serve 4 months in jail after which he was released, such alien has been convicted for the purposes of section 241(a)(11), Immigration and Nationality Act, as amended.

CHARGE:

Order: Act of 1952—Section 241(a)(11) [8 U.S.C. 1251(a)(11)]—Convicted of violation of law relating to illicit possession of narcotic drugs, to wit, marihuana.

Respondent, a native and citizen of Canada, a 24-year-old male, last entered the United States on or about December 7, 1944. The deportation charge is based on the Service contention that respondent was convicted for illegal possession of narcotics. Respondent contends that the criminal proceeding did not result in a conviction for immigration purposes. The special inquiry officer, agreeing with respondent's contention, terminated deportation proceedings and certified his order to the Board. We find the charge sustained and will reopen proceedings.

An information filed in the Superior Court, Kings County, Washington charged the respondent with illegal possession of narcotics; he entered a plea of guilty and applied for probation.

In Washington, following a plea or a verdict of guilty, a court, with exceptions not applicable here, using either the Suspended Sentence Act (Appendix A) or the Probation Act (Appendix B) may impose sentence and stay execution or using the Probation Act may suspend the imposition of sentence. In the instant case, the court using the Probation Act suspended the imposition of sentence. On March 12, 1965 the court entered an order in respondent's case pro-

viding that "the imposition of sentence against the Defendant herein be, and the same is hereby deferred for a period of five (5) years, from date" upon the condition that he follow "the instructions of the Board of Prison Terms and Paroles" and that he "serve a term of four (4) months in the Kings County Jail." The order provided that it was to remain in effect until the court's further action (Ex 2). Respondent served his sentence and was released. No further action has been taken by the court. The question is whether the alien was convicted for purposes of that portion of section 241(a)(11) of the Act requiring the deportation of an alien convicted for violating a law pertaining to narcotics.

Many factors had to be considered before the term "conviction" could be interpreted for immigration purposes. There was the di versity of state procedures following a plea or verdict of guilty, the fact that a conviction could exist for some state purposes and not for others, the necessity for some uniformity in deportation proceedings, and the Supreme Court's holding that a degree of finality had to be achieved before a conviction existed for deportation purposes (*Pino* v. *Landon*, 349 U.S. 901 (1955)). As to the definition of the term "conviction," disregarding form and the ambiguous attitude of a state, we sought to achieve uniformity by holding that a conviction existed for immigration purposes if the state considered that a proceeding in one of its courts had resulted in a conviction for any one purpose. As to finality, disregarding the conflicting interpretations of the different states as to what orders are "final" judgments, and concluding that a "final" judgment is not necessary, we found the finality required by *Pino* present if a court disposed of a case with an order which removed the case from the docket, and subjected the alien to judicial control without the necessity of giving the alien a new trial as to his guilt or innocence of the charged crime whenever the court desired to exercise its right to control his person (*Matter of O—*, 7 I. & N. Dec. 539 (1957)).

Thus, when a state considers a proceeding has resulted in a conviction, we consider it one for deportation purposes if the judicial action results in a suspended sentence accomplished either by the passing of sentence and suspension of its execution, or a suspension of the imposition of sentence; however, when a court merely postpones action following a plea or verdict of guilty and continues the case on a calendar for further consideration, or where the alien is entitled to a new trial to determine his guilt or innocence before the court can control him if it desires to supplement or change its original order there is no conviction for immigration purposes.

The special inquiry officer, following *Matter of O—*, is of the belief that the court's action here resulted not in the suspension of the imposition of sentence but in the postponement of the case for consideration at a future date. The record does not support his conclusion. In removing the case from the docket, imposing punishment on respondent, and subjecting him to further punishment at the court's pleasure without the necessity of retrying the question of his guilt, the court suspended imposition of sentence rather than merely postponed to some future date the question of guilt or the question of punishment (Appendix C).

Our rules require the finding that the state hold the criminal proceeding had resulted in a conviction for any one purpose. In the instant case, we note that the Probation Act which provides for the suspension of imposition of sentence comes into effect only "after a conviction," that the section dealing with expungements speaks of the probationer as one punished "for the offense for which he has been convicted," and that it provides for the release from penalties resulting from the crime for which the person "has been convicted." We note further that the respondent was required to serve a term of imprisonment as a condition of probation and that there can be no punishment for an offense under the laws of the State of Washington unless the person "shall have been duly and legally convicted" (RCW 10.050.).

Before we consider other matters advanced by the special inquiry officer and counsel one further matter concerning *Matter of O—* requires discussion. The alien in *Matter of O—* sought judicial review on the grounds that he had a nondeportable status which was preserved by a savings clause, and that a sentence to imprisonment in New York State, execution being suspended and the suspension never revoked, lacks the finality to support an order of deportation. The court, without any analysis of the issues, granted the alien's motion for summary judgment (*Olf v. Rogers*, Civ. No. 2452-57, D.D.C. March 3, 1959). With due respect to the court, we believe that *Matter of O—*, may still be followed. The savings clause is not invoked here and needs no comment. If it was the contention that a suspended sentence cannot be considered a conviction for immigration purposes because it lacks finality that persuaded the court, it is one which has been considered and rejected in a number of cases after full consideration. For example, *Arrellano-Flores v. Hoy*, 262 F.2d 667 (9th Cir., 1958), cert. den. 362 U.S. 921, held that a conviction for deportation purposes resulted where under a law similar to the one here considered, proceedings were suspended by a California state court and probation granted on condition that

the alien serve a year in jail. To similar effect, *Burr* v. *Immigration and Naturalization Service*, Civ. No. 19707 (9th Cir., August 2, 1965); *Kelly* v. *Immigration and Naturalization Service*, 349 F.2d 473 (9th Cir., 1965); *Garcia-Gonzalez* v. *Immigration and Naturalization Service*, 344 F.2d 804 (9th Cir., 1965), cert. den. 34 L.W. 319; *Gutierrez* v. *Immigration and Naturalization Service*, 323 F.2d 593 (9th Cir., 1963), cert. den. 12 L. ed. 2d 179; *Zabanazad* v. *Rosenberg*, 306 F.2d 861 (9th Cir., 1962); *Adams* v. *United States*, 299 F.2d 327 (9th Cir., 1962); *Burr* v. *Edgar*, 292 F.2d 593 (9th Cir., 1961); *Wood* v. *Hoy*, 266 F.2d 825 (9th Cir., 1959); *United States ex rel. Fells* v. *Garfinkel*, 158 F. Supp. 524 W.D. Pa. (1957), affd. 251 F.2d 846 (3rd Cir., 1958). In view of this authority supporting the view that a suspended sentence results in a conviction for immigration purposes, we believe it proper to follow the rules laid down in *Matter of O—*.

In reaching the conclusion he did, the special inquiry officer was influenced by the ruling of the Attorney General of the State of Washington that the suspension of the imposition of sentence followed by an expungement does not result in a conviction for the purposes of the law which provides for the increased punishment of a person convicted after having been previously convicted. (The record does not show an expungement here.) We have pointed out if a state considers that a conviction exists for any one purpose, it is immaterial in deportation proceedings that the state does not consider the conviction one for all purposes. Here the state has clearly shown it considers a conviction to exist. (The fact that a conviction may be or is expunged does not affect it for deportation purposes where the charge is based on a conviction for a narcotics violation (*Kelly* v. *Immigration and Naturalization Service, supra; Garcia-Gonzalez* v. *Immigration and Naturalization Service, supra; Burr* v. *Immigration and Naturalization Service, supra;* see *In re Peola*, 49 F. Supp. 128 N.D. Cal. (1953). But see *United States* v. *Cunha*, 209 F.2d 326, (1st Cir., 1954) (semble); *In re Ringnaldi*, 48 F. Supp. 975 S.D. Cal. (1943); *Matter of A—F—*, 8 I. & N. Dec. 429, A.G.; *Matter of Kelly*, Int. Dec. No. 1338).) The rule is otherwise for expungement of convictions resulting from nonnarcotic violations, *Matter of G—*, 9 I. & N. Dec. 159, A.G. (criticized, *Burr* v. *Immigration and Naturalization Service, supra*)).

The special inquiry officer also relied upon the fact that Washington courts have ruled that deferment of imposition of sentence is not a final judgment. A final judgment is not required for a conviction to exist in a deportation proceeding (*Matter of O—, supra* pp. 551-552). In *Arrellano-Flores* v. *Hoy, supra*, the court with knowledge

of the fact that there was no final judgment from which an appeal could be taken, ruled that a conviction existed. Therefore, it is not material that an order under the Suspended Sentence Act is final and appealable and one under the Probation Act is not; a conviction for immigration purposes exists in each case. (In a study of procedures under the California law similar to the Washington law, we noted that no significance could be found from the fact that one court suspended sentence and another suspended the imposition of sentence (*Matter of O—, supra*, pp. 549–550).)

Counsel calls attention to respondent's cooperation with state and federal narcotic agents, to the facts that he is the father of two young citizen children and that he is attempting a reconciliation with his wife, and to the fact that he served honorably in the Armed Forces of the United States from 1959 to 1962. These facts are not material in determining whether respondent is deportable as a matter of law. They would be of importance in determining whether respondent should be granted discretionary relief, however, in view of his recent narcotics conviction he does not appear to be eligible for either suspension of deportation (sections 101(b)(3) and 244(a)(2), Immigration and Nationality Act) or adjustment of status (sections 212(a)(23) and 245, Immigration and Nationality Act).

Respondent is deportable. The case will be returned to the special inquiry officer so that he may enter an appropriate order after determining the proper country of deportation and the possibility of physical persecution.

ORDER: It is ordered that the order of the special inquiry officer be and the same is hereby withdrawn.

*It is further ordered* that the case be returned to the special inquiry officer for further action not inconsistent with what we have stated in our opinion. In the event respondent finds fault with the special inquiry officer's action in designating a place of deportation or determining a claim of physical persecution, the special inquiry officer shall certify his order to this Board.

## APPENDIX "A"

The Suspended Sentence Act reads as follows:

9.92.060 Suspending sentences. Whenever any person shall be convicted of any crime except murder, burglary in the first degree, arson in the first degree, robbery, carnal knowledge of a female child under the age of ten years, or rape, the court may in its discretion, at the time of imposing sentence upon such person, direct that such sentence be stayed and suspended until otherwise ordered by such court, and that the sentenced person be placed under the charge of a parole or peace officer during the term of such

405

suspension, upon such terms as the court may determine: *Provided*, That as a condition to suspension of sentence, the court may require the convicted person to make such monetary payments, on such terms as the court deems appropriate under the circumstances, as are necessary (1) to comply with any order of the court for the payment of family support, (2) to make restitution to any person or persons who may have suffered loss or damage by reason of the commission of the crime in question, and (3) to pay any fine imposed and not suspended and the court or other costs incurred in the prosecution of the case, including reimbursement of the state for costs of extradition if return to this state by extradition was required. In no case shall a sentence be suspended under the provisions of this section unless the prisoner if sentenced to confinement in a penal institution be placed under the charge of a parole officer, who is a duly appointed and acting officer of the institution to which the person is sentenced.

## APPENDIX "B"

The Probation Act reads as follows:

9.95.200 Probation by court—Board to investigate. After conviction by plea or verdict of guilty of any crime, the court upon application or its own motion, may summarily grant or deny probation, or at a subsequent time fixed may hear and determine, in the presence of the defendant, the matter of probation of the defendant, and the conditions of such probation, if granted. The court may, in its discretion, prior to the hearing on the granting of probation refer the matter to the board of prison terms and paroles or such officers as the board may designate for investigation and report to the court at a specified time, upon the circumstances surrounding the crime and concerning the defendant, his prior record, and his family surroundings and environment. In case there are no regularly employed parole officers working under the supervision of the board of prison terms and paroles in the county or counties wherein the defendant is convicted by plea or verdict of guilty, the court may, in its discretion, refer the matter to the prosecuting attorney or sheriff of the county for investigation and report.

9.95.210 Conditions may be imposed on probation. The court in granting probation, may suspend the imposing or the execution of the sentence and may direct that such suspension may continue for such period of time, not exceeding the maximum term of sentence, except as hereinafter set forth and upon such terms and conditions as it shall determine.

The court in the order granting probation and as a condition thereof, may in its discretion imprison the defendant in the county jail for a period not exceeding one year or may fine defendant any sum not exceeding one thousand dollars plus the costs of the action, and may in connection with such probation impose both imprisonment in the county jail and fine and court costs. The court may also require the defendant to make such monetary payments, on such terms as it deems appropriate under the circumstances, as are necessary (1) to comply with any order of the court for the payment of family support, (2) to make restitution to any person or persons who may have suffered loss or damage by reason of the commission of the crime in question, and (3) to pay such fine as may be imposed and court costs, including reimbursement of the state for costs of extradition if return to this state by extradition was required, and may require bonds for the faithful observance

of any and all conditions imposed in the probation. The court shall order the probationer to report to the board of prison terms and paroles or such officer as the board may designate and as a condition of said probation to, follow implicitly the instructions of the board of prison terms and paroles. The board of prison terms and paroles will promulgate rules and regulations for the conduct of such person during the term of his probation.

9.95.220 Violation of probation—Rearrest—Imprisonment. Whenever the state parole officer or other officer under whose supervision the probationer has been placed shall have reason to believe such probationer is violating, the terms of his probation, or engaging in criminal practices, or is abandoned to improper associates, or living a vicious life, he shall cause the probationer to be brought before the court wherein the probation was granted. For this purpose any peace officer or state parole officer may rearrest any such person without warrant or other process. The court may thereupon in its discretion without notice revoke and terminate such probation. In the event the judgment has been pronounced by the court and the execution thereof suspended, the court may revoke such suspension, whereupon the judgment shall be in full force and effect, and the defendant shall be delivered to the sheriff to be transported to the penitentiary or reformatory as the case may be. If the judgment has not been pronounced, the court shall pronounce judgment after such revocation of probation and the defendant shall be delivered to the sheriff to be transported to the penitentiary or reformatory, in accordance with the sentence imposed.

9.95.240, Dismissal of information or indictment after probation completed. Every defendant who has fulfilled the conditions of his probation for the entire period thereof, or who shall have been discharged from probation prior to the termination of the period thereof, may at any time prior to the expiration of the maximum period of punishment for the offense for which he has been convicted be permitted in the discretion of the court to withdraw his plea of guilty and enter a plea of not guilty, or if he has been convicted after a plea of not guilty, the court may in its discretion set aside the verdict of guilty; and in either case, the court may thereupon dismiss the information or indictment against such defendant, who shall thereafter be released from all penalties and disabilities resulting from the offense of crime of which he has been convicted. The probationer shall be informed of this right in his probation papers: *Provided,* That in any subsequent prosecution, for any other offense, such prior conviction may be pleaded and proved, and shall have the same effect as if probation had not been granted, or the information or indictment dismissed.

## APPENDIX "C"

A review of the court cases construing the Suspended Sentence and Probation Acts has been made. Except that the Suspended Sentence Act is not available upon conviction for certain felonies, the court, in its discretion, may elect to use either act; there is no conflict in their provisions. Under the Suspended Sentence Act, the suspended sentence may be kept hanging over the person sentenced until otherwise ordered by court; under the Probation Act, suspension of the imposition of sentence may continue for a time not ex-

ceeding the maximum term of sentence which could have been imposed. Revocation of suspension of sentence or revocation of probation of sentence has been deferred, must take place before the court can take further action. If sentence to imprisonment is then imposed, it runs from the date of imposition (*Pitts* v. *Rhay*, 392 P.2d 234 (1964); *State* v. *Shannon*, 376 P.2d 646 (1962); *State* v. *Essary*, 375 P.2d 486 (1962); *In re Jamie* v. *Rhay*, 365 P.2d 772 (1961); *State* v. *Davis*, 355 P.2d 344 (1960)). The order suspending execution of sentence is final and appealable (*State* v. *Liliopoulos*, 5 P.2d 319 (1931); the order suspending the imposition of sentence is not a final judgment and is not appealable (*State* v. *Shannon*, *supra*). Expungement of the record of conviction may follow the suspension of execution of sentence as it does the suspension of imposition of sentence (Ops Atty Gen, 61–62, No. 187). Expungement occurs only after the court has dismissed the proceedings in accordance with the statutory authority (*Jamie* v. *Rhay*, *supra*). Although the state has designated the suspension of the imposition of such sentence as a conviction, it is not, following an expungement, a conviction for the purpose of a law taking away the pension of a police officer who has been convicted of a felony (*Tembruell* v. *City of Seattle*, 392 P.2d 453 (1964)).